## MEMORANDUM DECISION ON REHEARING

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jan 24 2018, 6:32 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Kristina L. Lynn
Lynn and Stein, P.C.
Wabash, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Katherine Cooper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Kenny Purvis,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff*

January 24, 2018

Court of Appeals Cause No.
09A02-1702-CR-454

Appeal from the Cass Superior Court

The Honorable Richard A. Maughmer, Judge

Trial Court Cause No.
09D02-1506-F5-53

**Baker, Judge.**

[1] Kenny Purvis has filed a petition for rehearing, which we grant in part for the limited purpose of addressing the first issue he raises.

[2] Purvis argues that we relied on mistaken statements of fact when we affirmed his conviction. His material claims are summarized as follows:

- The video footage from May 9, 15, and 19, 2015, does not show Purvis himself taking video games from the shelves, concealing them in the cart, or pushing the cart.
- On May 9, 2015, Purvis is not present when the cart is taken to the sports aisle and on May 15, 2015, Purvis is not the last person seen with the concealed video games walking toward the hardware section.
- Purvis is not with other members of the group when the group is in the cell phone aisle on May 9, 2015, nor when they return to Walmart for the second time on May 15, 2015.

[3] Even if Purvis accurately describes the video footage, the end result is the same. Amy Powers testified that Purvis's truck was red with black racing stripes. Tr. Vol. II p. 102. Brady Herrington testified that on May 9, 2015, Purvis and the individuals who selected and concealed the cell phone and video games left together in a red truck with black racing stripes. *Id.* at 52. Powers testified that on May 15, 2015, the individuals (not including Purvis) who reentered the store departed in a red truck with black racing stripes. *Id.* at 78. After being detained on May 19, 2015, Purvis admitted to driving Adam Wakefield to Walmart; he also conceded that he knew Wakefield was planning to steal that day. When Purvis consented to a search of his vehicle, he led officers to a red truck with black racing stripes, where they found eight stolen copies of a brand new video

game, released that same day. A reasonable factfinder could infer from these facts that Purvis committed the crimes with which he was charged.

[4] Moreover, the record also supports a conclusion that Purvis acted as an accomplice by knowingly or intentionally aiding, inducing, or causing another person to commit the thefts. *See* Ind. Code § 35-41-2-4. Specifically, in addition to the above stated facts, Purvis was with various members of this group in the video game aisle on each day in question. Though he may not have physically touched the games, a reasonable factfinder could easily conclude that he was aware of the inordinate number of thefts occurring around him. Further, regardless of who was pushing the cart, the group routinely split up after visiting the video game aisle at the same time, even though many of them shared transportation in Purvis's truck. In short, even if Purvis did not commit the thefts himself, he acted as an accomplice by knowingly or intentionally aiding several of these group members in committing the thefts and, because principals and accomplices are equally guilty, our decision will not change.

[5] Our original decision stands, and in all other respects, we deny Purvis's petition for rehearing.

Bailey, J., and Altice, J., concur.